*531 OPINION.
Trammell :
If the petitioner acquired good will for stock at the time of its organization, or at any other time, it is entitled to include the value thereof, subject to the statutory limitations, in its invested capital. The question then is, What was the value, if any, of the good will acquired?
There is testimony as to the earnings during a portion of the period prior to the organization of the corporation. For a portion of the period no competent testimony was offered with respect thereto. The petitioner sought to establish the earnings for 1913 and 1914 by the testimony of a witness without competent records and whose testimony depended upon recollections. It was shown, however, that he was not present during a portion of those two years. Hor was any testimony introduced as to what the tangible assets were during any period prior to the organization of the corporation, except on the day when the assets were transferred to the corporation. The tangible assets might have been greater or less during the period when the earnings were made in prior years. We can not assume that they remained constant.
It is to be noted, also, that the earnings for 1915, immediately prior to the organization of the corporation, were considerably less than in the earlier years. During the first year of the operation of the corporation the earnings were smaller than at any other period.
While subsequent earnings may be considered of evidentiary value for the purpose of corroborating the value of intangible assets established by prior earnings'and by other evidence, such testimony alone can not be the basis of a determination as to the value of intangible assets.
The respondent has determined that the petitioner did not acquire good will of value for stock and from the testimony introduced we are unable to determine that the respondent was in error in that respect.

Judgment will be entered on 15 days’ notice, under Rule 50.